**Juan Manuel GUERRERO MEDINA, Petitioner,**

v.

**Peter D. KEISLER,\* Acting Attorney General, Respondent.**

No. 06–71185.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.\*\*

Filed Sept. 27, 2007.

Luis Carlos Ayala, Esq., Law Offices of Luis Carlos Ayala, Los Angeles, CA, for Petitioner.

Juan Manuel Guerrero Medina, Los Angeles, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Lyle D. Jentzer, Esq., U.S. Department of

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

## MEMORANDUM ***

Juan Manuel Guerrero Medina, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his request for remand, and dismissing his appeal from the Immigration Judge's ("IJ") order denying his application for cancellation of removal. To the extent we have jurisdiction, it is pursuant to 8 U.S.C. § 1252. We review de novo claims of constitutional violations in immigration proceedings. *Ram v. INS*, 243 F.3d 510, 516 (9th Cir.2001). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to review the BIA's discretionary determination that Guerrero failed to show exceptional and extremely unusual hardship to a qualifying relative. *See Romero–Torres v. Ashcroft*, 327 F.3d 887, 892 (9th Cir.2003).

We also lack jurisdiction to review Guerrero's contention that the IJ erred in denying his request for a continuance, because he failed to raise it before the BIA. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004) (court lacks jurisdiction to review claims that could have been, but were not, exhausted in administrative proceedings).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney

We agree with the BIA's conclusion that the performance by former counsel did not result in prejudice to Guerrero, and thus his claim of ineffective assistance of counsel fails. *See Rojas–Garcia v. Ashcroft*, 339 F.3d 814, 826 (9th Cir.2003) (to prevail on an ineffective assistance of counsel claim, a petitioner must demonstrate prejudice).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**